UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GLENN R. KEISER, JR. | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 22-CV- |
| | : | |
| HOME DEPOT, USA, INC. d/b/a THE HOME DEPOT | : : | |

**NOTICE FOR REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §1441**

Defendant, Home Depot U.S.A., Inc. (misnamed above, Home Depot, USA, Inc. d/b/a The Home Depot) ("Home Depot"), hereby submits notice to the United States District Court for the Eastern District of Pennsylvania of the removal of the above entitled action to this Court and, in support thereof, respectfully represents:

1. Home Depot is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business located in the State of Georgia.

2. Upon information, knowledge and belief, Plaintiff, Glenn Keiser, is an adult individual and citizen and resident of the Commonwealth of Pennsylvania, residing at 1035 East Gordan Street, Allentown, PA 18109, and is domiciled at that address.

3. At all times material hereto, Home Depot was duly registered to do, and was doing, business in the Commonwealth of Pennsylvania.

4. On or about December 16, 2021, Plaintiff instituted the above action, by way of writ of summons. On or about March 30, 2022, Plaintiff filed his Complaint, a copy of which is attached hereto as Exhibit "A," in the Pennsylvania Court of Common Pleas, Philadelphia County, December Term, 2021; No. 1021, seeking damages for injuries Plaintiff purportedly sustained as a result of Defendant's alleged negligence.

5. On or about May 2, 2022, Home Depot filed preliminary objections to Plaintiff's Complaint pursuant to Pennsylvania Rule of Civil Procedure 1028, a copy of which is attached hereto as Exhibit "B."

6. On or about May 17, 2022, in response to Home Depot's preliminary objections, Plaintiff filed his Amended Complaint, a copy of which is attached hereto as Exhibit "C.")

7. Plaintiff filed this matter as an arbitration matter, seeking damages in not excess of $50,000.00, exclusive of interest and costs.

8. At the time the action was filed, Home Depot did not have notice Plaintiff's claim exceeded $75,000.00, exclusive of interest or costs. See, Espinosa v. Allstate Ins. Co., CIV.A.07-0746, 2007 WL 1181020 (E.D.Pa. Apr. 16, 2007) (holding a plaintiff's complaint asserting damages not in excess of $50,000.00 was not removable at the time it was filed).

9. On or about July 21, 2022, Home Depot filed its answer and new matter, a copy of which is attached hereto as Exhibit "D," denying liability and asserting various affirmative defenses.

10. In ¶34 of its new matter, Home Depot asserted that the "value of Plaintiff's alleged damages, if any, do not exceed $75,000.00, exclusive of interest and costs."

11. On October 3, 2022, Plaintiff filed his reply to Home Depot's new matter, a copy of which is attached hereto as Exhibit "E," denying the allegations in Home Depot's new matter both factually and as a conclusion of law, including, without limitation, ¶34 thereof, stating: "It is specifically Denied that Plaintiff's damages do not exceed $75,000." (See Exhibit "E, ¶34).

12. As prescribed in 28 U.S.C. § 1446(c)(3)(A):

> If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses

to discovery, shall be treated as an 'other paper' under subsection (b)(3).

13. Plaintiff's reply to Home Depot's new matter placed Defendants on notice that the amount in controversy exceeded $75,000.00, exclusive of interest and costs.

14. Plaintiff's reply to Home Depot's new matter constituted an "other paper" under 28 U.S.C. §1446(b)(3) and triggered the thirty (30) day removal period.

15. Diversity of citizenship exists between Plaintiff, a citizen, resident and domiciliary of the Commonwealth of Pennsylvania, and Defendants, corporations organized and existing under the laws of the State of Delaware and having their principal places of business in the State of Georgia.

16. The diversity of citizenship existed at the time the action sought to be removed was commenced and continues to the time of the filing of this Notice. Therefore, as to said claim and cause of action, Defendants are entitled to removal pursuant to 28 U.S.C. §1441, et seq.

17. This Notice of Removal is timely under 28 U.S.C. §1446(b) as it is being filed within thirty (30) days after receipt of Plaintiff's reply to Home Depot's to new matter, and within a year of the date on which the instant action was first instituted.

WHEREFORE, the above action now pending against Defendants in the Pennsylvania Court of Common Pleas, Philadelphia County, is removed therefrom to this Honorable Court.

Respectfully submitted,

CHARTWELL LAW

BY: *J. Grant Stringham*
J. GRANT STRINGHAM, ESQUIRE,
I.D. No. 319317
130 No. 18th Street, 26th Floor
Philadelphia, PA  19103
(215) 972-5468

Attorney for Defendant,
Home Depot U.S.A., Inc.

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | ) |
| | ) ss: |
| COUNTY OF PHILADELPHIA | ) |

## AFFIDAVIT

J. GRANT STRINGHAM, ESQUIRE, being duly sworn according to law, deposes and says that he is the attorney for Defendant; that he has read the foregoing Notice and knows the contents thereof; that he is authorized to make this Affidavit on behalf of Defendant; and, that the facts alleged in the Notice are true and correct to the best of her knowledge, information and belief.

Date: 08/25/2022

*J. Grant Stringham*
J. GRANT STRINGHAM, ESQUIRE

SWORN TO and SUBSCRIBED

Before me, this 25th day of August, 2022.

*Dori Conway*
Notary Public
My Commission Expires: October 3, 2023
Commission Number 1236821