EXHIBIT A

**Law Offices of Gregg R. Durlofsky**
By:  Gregg R. Durlofsky, Esquire
Attorney I.D. #: 66253
111 West Germantown Pike
Plymouth Meeting, PA  19462
(610) 834-9483

*Filed and Attested by the*
*Office of Judicial Records*
*30 MAR 2022 04:32 pm*
*A   STAMATO*

Attorney for Plaintiff

| | | |
|---|---|---|
| Glenn Keiser | : | COURT OF COMMON PLEAS |
| 1035 East Gordan Street | : | PHILADELPHIA COUNTY |
| Allentown, PA 18109 | : | |
| | : | |
| | : | CIVIL ACTION - LAW |
| v. | : | |
| | : | December Term, 2021 |
| Home Depot, USA, Inc. | : | |
| d/b/a The Home Depot | : | No.: 1021 |
| 2455 Paces Ferry Road | : | |
| Atlanta, GA 30339 | : | **JURY TRIAL DEMANDED** |
| | : | |
| The Home Depot, Inc. | : | |
| 2455 Paces Ferry Road | : | |
| Atlanta, GA 30339 | : | |
| | : | |
| The Home Depot #4108 | : | |
| 1350 MacArthur Road | : | |
| Whitehall, PA 18052 | : | |

## NOTICE TO PLEAD
## COMPLAINT - CIVIL ACTION

### "NOTICE"

"You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief  requested by the plaintiff.  You

### "AVISO"

**Le han demandado en corte.  Si usted quiere defenderse contra las demandas nombradas en las paginas siguientes, tiene viente (20) dias a partir de recibir esta demanda y notificacion para entablar personalmente o por un abogado una comparecencia escrita y tambien para entablar con la corte en forma escrita sus defensas y objeciones a las demandas contra usted.  Sea advisado que si usted no se defiende, el caso puede continuar sin usted y la corte puede incorporar un juicio contra usted sin previo aviso para conseguir el dinero demandado en el pleito o para conseguir cualquier otra demanda o alivio solicitados por el demandante.  Usted puede perder dinero o**

may lose money or property or other rights important to you.

"YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.  THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Philadelphia Bar Association
LAWYER REFERRAL & INFORMATION SERVICE
One Reading Center
Philadelphia, PA 19107
(215) 238-6333

**propiedad u otros derechos importantes para usted.**

**USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE ABOGADO (O NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO), VAYA EN PERSONA O LLAME POR TELEFONO LA OFICINA NOMBRADA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASSISTENCIA LEGAL.  ESTA OFICINA PUEDE PROPORCIONARLE LA INFORMACION SOBRE CONTRATAR A UN ABOGADO.**

**SI USTED NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO, ESTA OFICINA PUEDE PROPORCIONARLE INFORMACION SOBRE AGENCIAS QUE OFRECEN SERVICIOS LEGALES A PERSONAS QUE CUMPLEN LOS REQUISITOS PARA UN HONORARIO REDUCIDO O NINGUN HONORARIO.**

**Philadelphia Bar Association
LAWYER REFERRAL & INFORMATION SERVICE
One Reading Center
Philadelphia, PA 19107
(215) 238-6333**

Case ID: 211201021

**Law Offices of Gregg R. Durlofsky**
By:  Gregg R. Durlofsky, Esquire
Attorney I.D. #: 66253
111 West Germantown Pike
Plymouth Meeting, PA  19462
(610) 834-9483                                                            Attorney for Plaintiff

| | | |
|---|---|---|
| Glenn Keiser | : | COURT OF COMMON PLEAS |
| 1035 East Gordan Street | : | PHILADELPHIA COUNTY |
| Allentown, PA 18109 | : | |
| | : | CIVIL ACTION - LAW |
| v. | : | |
| | : | December Term, 2021 |
| Home Depot, USA, Inc. | : | |
| d/b/a The Home Depot | : | No.: 1021 |
| 2455 Paces Ferry Road | : | |
| Atlanta, GA 30339 | : | **JURY TRIAL DEMANDED** |
| | : | |
| The Home Depot, Inc. | : | |
| 2455 Paces Ferry Road | : | |
| Atlanta, GA 30339 | : | |
| | : | |
| The Home Depot #4108 | : | |
| 1350 MacArthur Road | : | |
| Whitehall, PA 18052 | : | |

## CIVIL ACTION – COMPLAINT

1.      Plaintiff, Glenn Keiser (hereafter "Plaintiff") is an adult natural individual residing at the above-captioned address.

2.      Defendant, Home Depot, USA, Inc. d/b/a The Home Depot, is a business, corporation, partnership, and/or legal entity with its registered office and/or principal and/or regular place of business and/or place of service located at the above-captioned address, which at all times relevant controlled, managed, repaired, occupied, displayed products and/or items, stocked shelves, and/or maintained the property and/or business located at or near 1350 MacArthur Road, Whitehall, PA 18052 (hereafter "the subject premises").

3.      Defendant, The Home Depot, Inc. is a business, corporation, partnership,

Case ID: 211201021

and/or legal entity with its registered office and/or principal and/or regular place of business

and/or place of service located at the above-captioned address, which at all times relevant

controlled, managed, repaired, occupied, displayed products and/or items, stocked shelves,

and/or maintained the property and/or business located at or near the subject premises.

4.      Defendant, The Home Depot #4108, is a business, corporation, partnership,

and/or legal entity with its registered office and/or principal and/or regular place of business

and/or place of service located at the above-captioned address, which at all times relevant

controlled, managed, repaired, occupied, displayed products and/or items, stocked shelves,

and/or maintained the property and/or business located at or near the subject premises.

5.      At all times relevant, Defendants individually and/or jointly controlled,

and/or maintained the subject premises and individually and/or jointly were responsible for

the control, management, repair, maintenance, and safety of the subject premises.

6.      On or about November 3, 2020, at approximately 12:00 P.M. Plaintiff was

lawfully on the subject premises.

7.      At all times relevant Plaintiff was a business invitee of one and/or a

combination of and/or all of the Defendants.

8.      At said time and place Plaintiff was struck in the face by a metal bar and/or

metal piece of shelving and/or sheets of drywalll, which were improperly and/or unsafely

and/or haphazardly left on the shelf and/or display located on the subject premises, thereby

causing him injury and knocking him to the ground.

9.      As a result of the above-described condition on the subject premises, Plaintiff

suffered serious injuries as further described herein.

10.     On November 3, 2020, and at all times relevant, one or all Defendants, or a

Case ID: 211201021

combination thereof, knew or should have known through reasonable investigation about the existence of the dangerous condition on the subject premises.

## COUNT I
**Plaintiff, Glenn Keiser v. Defendant, Home Depot, USA, Inc. d/b/a The Home Depot**
**<u>Negligence</u>**

11.     Plaintiff, Glenn Keiser, hereby incorporates the preceding allegations inclusive as if set forth herein at length.

12.     The above-mentioned incident and damages suffered by Plaintiff, Glenn Keiser, were caused solely and/or jointly by the carelessness, negligence, and/or recklessness of Defendant, Home Depot, USA, Inc. d/b/a The Home Depot, which entailed the following:

  a.     Failing to properly inspect the subject premises for dangerous conditions;

  b.     Failing to properly maintain the subject premises;

  c.     Failing to properly warn of a dangerous condition which was located on the subject premises, the existence of which was known or with reasonable inspection would have been known;

  d.     Failing to warn/correct a dangerous condition located on the subject premises which was known and/or should have been known with reasonable conduct;

  e.     Creating and/or failing to correct the dangerous condition which caused Plaintiff's injury;

  f.     Failing to properly display and inspect shelving and/or displays, and any parts attached and/or associated thereto, on the subject premises;

  g.     Displaying boxes, items, and/or products, including but not limited to drywall, improperly and/or unsafely and/or haphazardly on shelves and/or displays on the subject premises;

  h.     failing to properly supervise, equip, and/or instruct its employees, servants, and/or agents;

Case ID: 211201021

> i.  Failing to properly display warning signs, indicators, and/or other warning devices relating to shelving and/or displays, and any parts attached and/or associated thereto, boxes, products, and/or items placed high on shelves and/or displays on the subject premises; and
>
> j.  Any and all acts of negligence which may be discovered pursuant to the Rules of Pennsylvania Civil Procedure.

.

13.    This incident resulted solely from the carelessness, recklessness, and negligence of the Defendants and was due in no manner whatsoever to any act or failure to act on the part of the Plaintiff.

14.    As a result of this incident Plaintiff suffered injuries which are and maybe serious and in a permanent nature, some or all of which have caused him, and continue to cause him, great pain and agony and have prevented him, and may in the future prevent him, from attending to his daily occupational and social activities, all to his great financial damage and loss.

15.    By reason of the aforesaid incident Plaintiff was caused to suffer great harm and permanent injury to his body and health including: facial laceration(s); post-concussion syndrome; post traumatic headaches; occipital neuralgia with mood disturbance; headaches; and associated pain.

16.    Further, Plaintiff has been compelled to spend various sums of money for medicine and medical attention in about an attempt to treat and cure himself of his injuries and to incur further expenses.

17.    As a further result of this incident, Plaintiff has or may suffer a severe loss of earning or impairment of earning capacity and powers.

18.    As a further result of this incident, Plaintiff has suffered severe physical pain and mental anguish and humiliation and may continue to suffer the same for an indefinite

Case ID: 211201021

period of time in the future.

**WHEREFORE**, Plaintiff, Glenn Keiser, demands damages from Defendant, Home

Depot, USA, Inc. d/b/a The Home Depot, individually, jointly and/or severally in an amount

in excess of Fifty Thousand ($50,000.00) Dollars, plus interest, delay damages, costs of suit,

and such other remedy as seen fit by this Court.

**COUNT II**
**Plaintiff, Glenn Keiser v. Defendant, The Home Depot, Inc.**
**<u>Negligence</u>**

19.     Plaintiff, Glenn Keiser, hereby incorporates the preceding allegations

inclusive as if set forth herein at length.

20.     In the alternative, the above-mentioned incident and damages suffered by

Plaintiff, Glenn Keiser, were caused solely and/or jointly by the carelessness, negligence,

and/or recklessness of Defendant, The Home Depot, Inc., which entailed the following:

      a.      Failing to properly inspect the subject premises for dangerous conditions;

      b.      Failing to properly maintain the subject premises;

      c.      Failing to properly warn of a dangerous condition which was located on the subject premises, the existence of which was known or with reasonable inspection would have been known;

      d.      Failing to warn/correct a dangerous condition located on the subject premises which was known and/or should have been known with reasonable conduct;

      e.      Creating and/or failing to correct the dangerous condition which caused Plaintiff's injury;

      f.      Failing to properly display and inspect shelving and/or displays, and any parts attached and/or associated thereto, on the subject premises;

      g.      Displaying boxes, items, and/or products, including but not limited to drywall, improperly and/or unsafely and/or haphazardly on shelves and/or displays on the subject premises;

Case ID: 211201021

h.      failing to properly supervise, equip, and/or instruct its employees, servants, and/or agents;

ii.     Failing to properly display warning signs, indicators, and/or other warning devices relating to shelving and/or displays, and any parts attached and/or associated thereto, boxes, products, and/or items placed high on shelves and/or displays on the subject premises; and

j.      Any and all acts of negligence which may be discovered pursuant to the Rules of Pennsylvania Civil Procedure.
.

21.     This incident resulted solely from the carelessness, recklessness, and negligence of the Defendants and was due in no manner whatsoever to any act or failure to act on the part of the Plaintiff.

22.     As a result of this incident Plaintiff suffered injuries which are and maybe serious and in a permanent nature, some or all of which have caused him, and continue to cause him, great pain and agony and have prevented him, and may in the future prevent him, from attending to his daily occupational and social activities, all to his great financial damage and loss.

23.     By reason of the aforesaid incident Plaintiff was caused to suffer great harm and permanent injury to his body and health including: facial laceration(s); post-concussion syndrome; post traumatic headaches; occipital neuralgia with mood disturbance; headaches; and associated pain.

24.     Further, Plaintiff has been compelled to spend various sums of money for medicine and medical attention in about an attempt to treat and cure himself of his injuries and to incur further expenses.

25.     As a further result of this incident, Plaintiff has or may suffer a severe loss of earning or impairment of earning capacity and powers.

Case ID: 211201021

26.     As a further result of this incident, Plaintiff has suffered severe physical pain and mental anguish and humiliation and may continue to suffer the same for an indefinite period of time in the future.

**WHEREFORE**, Plaintiff, Glenn Keiser, demands damages from Defendant, The Home Depot, Inc., individually, jointly and/or severally in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus interest, delay damages, costs of suit, and such other remedy as seen fit by this Court.

### COUNT III
### Plaintiff, Glenn Keiser v. Defendant, The Home Depot #4108
### Negligence

27.     Plaintiff, Glenn Keiser, hereby incorporates the preceding allegations inclusive as if set forth herein at length.

28.     In the alternative, the above-mentioned incident and damages suffered by Plaintiff, Glenn Keiser, were caused solely and/or jointly by the carelessness, negligence, and/or recklessness of Defendant, The Home Depot #4108, which entailed the following:

      a.     Failing to properly inspect the subject premises for dangerous conditions;

      b.     Failing to properly maintain the subject premises;

      c.     Failing to properly warn of a dangerous condition which was located on the subject premises, the existence of which was known or with reasonable inspection would have been known;

      d.     Failing to warn/correct a dangerous condition located on the subject premises which was known and/or should have been known with reasonable conduct;

      e.     Creating and/or failing to correct the dangerous condition which caused Plaintiff's injury;

      f.     Failing to properly display and inspect shelving and/or displays, and any parts attached and/or associated thereto, on the subject premises;

g.      Displaying boxes, items, and/or products, including but not limited to drywall, improperly and/or unsafely and/or haphazardly on shelves and/or displays on the subject premises;

h.      failing to properly supervise, equip, and/or instruct its employees, servants, and/or agents;

iii.    Failing to properly display warning signs, indicators, and/or other warning devices relating to shelving and/or displays, and any parts attached and/or associated thereto, boxes, products, and/or items placed high on shelves and/or displays on the subject premises; and

j.      Any and all acts of negligence which may be discovered pursuant to the Rules of Pennsylvania Civil Procedure.

.

29.     This incident resulted solely from the carelessness, recklessness, and negligence of the Defendants and was due in no manner whatsoever to any act or failure to act on the part of the Plaintiff.

30.     As a result of this incident Plaintiff suffered injuries which are and maybe serious and in a permanent nature, some or all of which have caused him, and continue to cause him, great pain and agony and have prevented him, and may in the future prevent him, from attending to his daily occupational and social activities, all to his great financial damage and loss.

31.     By reason of the aforesaid incident Plaintiff was caused to suffer great harm and permanent injury to his body and health including: facial laceration(s); post-concussion syndrome; post traumatic headaches; occipital neuralgia with mood disturbance; headaches; and associated pain.

32.     Further, Plaintiff has been compelled to spend various sums of money for medicine and medical attention in about an attempt to treat and cure himself of his injuries and to incur further expenses.

Case ID: 211201021

33.     As a further result of this incident, Plaintiff has or may suffer a severe loss of earning or impairment of earning capacity and powers.

34.     As a further result of this incident, Plaintiff has suffered severe physical pain and mental anguish and humiliation and may continue to suffer the same for an indefinite period of time in the future.

**WHEREFORE**, Plaintiff, Glenn Keiser, demands damages from Defendant, The Home Depot #4108, individually, jointly and/or severally in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus interest, delay damages, costs of suit, and such other remedy as seen fit by this Court.

**LAW OFFICES OF GREGG R. DURLOFSKY**


Date: 03/30/2022                    By: */s/: Gregg R. Durlofsky*
                                             Gregg R. Durlofsky
                                             Attorney for Plaintiff

Case ID: 211201021

## <u>CERTIFICATE OF COMPLIANCE</u>

I, Gregg R. Durlofsky, hereby certify that this filing complies with the provisions of

the Public Access Policy of the United Judicial System of Pennsylvania: Case Records of

Appellate and Trial Courts that requires filing confidential information and documents

differently than non-confidential information and documents.

**LAW OFFICES OF GREGG R. DURLOFSKY**

Date: <u>03/30/2022</u>                              By: <u>*/s/: Gregg R. Durlofsky*</u>
                                                                    Gregg R. Durlofsky
                                                                    Attorney for Plaintiff

Case ID: 211201021

## CERTIFICATE OF SERVICE

I, Gregg R. Durlofsky, Esquire, hereby certify that I have forwarded a true and correct

copy of Plaintiff's Complaint by electronic mail and/or first-class mail, postage prepaid on the

date shown below as follows:

Home Depot, USA, Inc.
d/b/a The Home Depot
2455 Paces Ferry Road
Atlanta, GA 30339

The Home Depot, Inc.
2455 Paces Ferry Road
Atlanta, GA 30339

The Home Depot #4108
1350 MacArthur Road
Whitehall, PA 18052

**LAW OFFICES OF GREGG R. DURLOFSKY**

Date: 03/30/2022                   By: */s/: Gregg R. Durlofsky*
                                       Gregg R. Durlofsky
                                       Attorney for Plaintiff

Case ID: 211201021

## VERIFICATION

I, <u>    Glenn Keiser                                   </u>,   having   read   the   foregoing

<u>    Civil Action -- Complaint                                </u>, verify the statements contained therein are

true and correct to the best of my personal knowledge, information and belief.

This statement and verification is made subject to the penalties of 18 Pa. C.S.A.
§4904 relating to sworn falsification to authorities, which provides that should I make known
false averments I may be subject to criminal penalties.

<u>          <em>[signature]</em>          </u>

Case ID: 211201021